```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK, et al.,

                    Plaintiffs,
                                              11 Civ. 5392 (DAB)

         v.                                   ADOPTION OF REPORT
                                              AND RECOMMENDATION

F.M.C. CONSTRUCTION, LLC,

                    Defendant.
----------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

Plaintiffs initiated this action against F.M.C. Construction, LLC ("Defendant") for failure to make required payments pursuant to the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. ¶¶ 1001, et seq., and the Labor Management Relations Act ("LMRA"), 29 U.S.C. ¶¶ 141, et seq. On November 22, 2013, United States Magistrate Judge Henry Pitman issued a Report and Recommendation ("Report") recommending that judgment be entered against Defendant in the amount of $906,185.12. (Report at 29.) For the reasons set forth below, after conducting a de novo review of Plaintiffs' Objection, the Report and Recommendation of Magistrate Judge Pitman is MODIFIED in part and ADOPTED as modified. Accordingly, the Court directs that Judgment be entered in favor of Plaintiffs in the amount of $907,332.87.

1

I.   Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1). The Court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks, brackets and ellipses omitted). After conducting the appropriate levels of review, "the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Objections that correct misstatements of previously pleaded facts receive de novo review. See Kalderon v. Finkelstein, No. 08 Civ. 9440, 2010 WL 3359473, at *2 (S.D.N.Y. Aug. 25, 2010) (giving de novo review to specific factual corrections of

Magistrate Judge's alleged "misstatements and inaccuracies"); see also Bradley v. City of New York, No. 04 Civ. 8411, 2007 WL 232945, at *5 (S.D.N.Y. Jan. 26, 2007) (modifying inaccurate facts in Magistrate Judge's report in light of clarifying objections). However, courts will not consider objections that assert new factual allegations, unless the party justifies its failure to present those allegations to the Magistrate Judge. See Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offer[s] no justification for not offering the testimony at the hearing before the magistrate.") (internal quotation marks omitted).

II.  Plaintiff's Objections

Plaintiffs filed a timely Objection to Judge Pitman's Report; Defendant did not file Objections of its own, nor any memorandum responsive to Plaintiffs' Objection.

Plaintiffs' sole Objection pertains to the Report's conclusion that the 71 hours Plaintiffs' counsel spent litigating this action were "excessive," and to the resultant 10% reduction in its fee award. (Report ¶¶ 46-48.) More specifically, Plaintiffs object to the Report's assertion that Plaintiffs' time sheets reflected "only the preparation of the

3

complaint and the motion for a default judgment." (Report ¶ 46.) Plaintiffs' Objection is warranted. Plaintiffs submitted to the magistrate a declaration in support of its proposed findings of fact and conclusions of law that describes how its efforts went beyond a typical default action, including preparation for and attendance at an initial scheduling conference following Defendant's Answer and a modest amount of paper discovery prior to the withdrawal of Defendant's counsel. (Bond Decl. ¶¶ 7-10 & Ex. B.) In light of the Report's 10% reduction in Plaintiffs' fee award to account for the vague nature of the descriptions of the actual legal work performed, which the Court finds quite sensible and to which Plaintiffs have declined to object, it is appropriate to eliminate the 10% reduction Plaintiffs object to. Accordingly, the Report is hereby modified to reduce the Plaintiffs' fee award by 10%, instead of 20%, which results in attorneys' fees of $10,329.75.[1]

---

[1] The total award consists of $5,166 for Deke Bond (25.83 hours at $200 per hour), $2,846.25 for Jeffrey Olshansky (22.77 hours at $125 per hour), $1,338.75 for Isaac Glovinsky (10.71 hours at $125 per hour), $951.75 for Andrew Gorlick (4.23 hours at $225 per hour), and $27 for paralegal Tiffany Lewis (0.45 hours at $60 per hour). (See Report ¶ 49.)

III. Portions of the Report to Which Neither Party Has Objected

The Court reviews those portions of the Report to which neither party has objected for clear error. DiPilato, 662 F. Supp. 2d at 339. Having found no clear error, the Court ADOPTS Magistrate Judge Pitman's remaining Findings of Fact and Conclusions of Law.

IV. Conclusion

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Henry Pitman dated November 22, 2013, the Court MODIFIES the Report as set forth above and, as modified, APPROVES, ADOPTS, and RATIFIES the Report's Findings of Fact (see Report ¶¶ 1-20) and Conclusions of Law (see id. ¶¶ 21-54). Accordingly, the Clerk of the Court is directed to enter judgment against Defendant and in favor of Plaintiffs in the amount of $907,332.87, consisting of (1) $430,303.33 in unpaid fringe benefit contributions; (2) $33,661.16 in unpaid dues checkoffs; (3) $2,301.63 in unpaid PAC contributions; (4) $143,434.44 for the imputed cost of the audit; (5) interest on the unpaid fringe benefit contributions in the amount of $133,385.59; (6) liquidated damages in the amount of $133,385.59; (7) interest on unpaid dues checkoffs and PAC contributions in the amount of $20,141.38; and (8) $10,329.75 in attorneys' fees and $390.00 in

5

costs and expenses. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: New York, New York
       August 26, 2015

*Deborah A. Batts*
Deborah A. Batts
United States District Judge